## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| STEPHEN M. DAMBRA,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DA-3330-21-0393-I-1 |
| v. | |
| DEPARTMENT OF HEALTH AND<br>　HUMAN SERVICES,<br>　　　　　　Agency. | DATE: August 1, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lawrence George Widem</u>, Esquire, West Hartford, Connecticut, for the appellant.

<u>Tonya Savage</u>, Esquire, Dallas, Texas, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed his Veterans Employment Opportunities Act of 1998 (VEOA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2　　The appellant is a preference-eligible employee with the agency's Indian Health Service (IHS). Initial Appeal File (IAF), Tab 1 at 1. In August 2021, the appellant filed three separate applications for three different, higher-graded positions in the IHS. *Id.* at 7. The appellant was not selected for any of these positions. The agency's explanation in each case was that "[b]y law, Indian Preference candidates are entitled to consideration for Federal employment before other applicants. There were sufficient Indian Preference candidates for this vacancy; therefore, your application was not considered." *Id.*

¶3　　On August 31, 2021, the appellant filed a Board appeal, arguing that the agency violated his veterans' preference rights in connection with these nonselections. *Id.* at 3, 5. He indicated on his appeal form that he had not filed a complaint with the Department of Labor (DOL) concerning this matter. *Id.* at 4. The administrative judge issued an order, notifying the appellant of the standard for establishing jurisdiction over a VEOA appeal, including the requirement that

the appellant first exhaust his administrative remedy with DOL.  IAF, Tab 3 at 2-6.  She ordered the parties to file evidence and argument on the issue.  *Id.* at 6-7.

¶4        On September 16, 2021, the appellant responded by filing a copy of a claim receipt from DOL, which indicated he had filed a veterans' preference complaint earlier that same day.[2]  IAF, Tab 4 at 4.  The administrative judge then issued an order stating that "[t]he appellant has not submitted any evidence showing that he has filed a DOL complaint regarding the non-selections at issue in this appeal and, if he has, that DOL has closed his complaint or that 61 days have passed since he filed his DOL complaint."  IAF, Tab 5 at 1.  She ordered the appellant to show cause why the appeal should not be dismissed for lack of jurisdiction.  *Id.* at 1-2.  The appellant did not respond to the administrative judge's order.  The agency responded with a motion to dismiss for failure to satisfy the exhaustion requirement.  IAF, Tab 7.  After the record on jurisdiction closed, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction on that basis.  IAF, Tab 8, Initial Decision (ID).

¶5        The appellant has filed a petition for review, contesting the administrative judge's jurisdictional analysis.  Petition for Review (PFR) File, Tab 2.  The agency has responded to the petition for review, and the appellant has filed a reply to the agency's response.  PFR File, Tabs 4-5.

---

[2] The appellant also filed a copy of the last page of an undated Office of Special Counsel (OSC) complaint, the contents of which are not contained in the record.  IAF, Tab 4 at 5.  The administrative judge informed the appellant that, if he wished to raise an additional claim in connection with his OSC complaint, he needed to specify the nature of that claim.  IAF, Tab 5 at 2.  The appellant has not done so; none of his subsequent pleadings address this OSC complaint, either as to its contents or his reason for submitting evidence of it for the record.  We therefore decline to address the matter any further.

**ANALYSIS**

¶6     As applicable here, to establish Board jurisdiction over a VEOA appeal, an appellant must (1) prove by preponderant evidence that he exhausted his remedy with DOL, and (2) make nonfrivolous allegations that:  (i) he is a preference eligible within the meaning of VEOA, (ii) the action at issue took place on or after the date that VEOA was enacted, and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference.   5 U.S.C. § 3330a(a), (d); *Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012); *Gingery v. Office of Personnel Management*, 119 M.S.P.R. 43, ¶ 13 (2012); 5 C.F.R. § 1201.57(a)(2), (b)-(c).

¶7     In this case, the administrative judge found that the appellant failed to prove that he exhausted his administrative remedy.  We agree.[3]  The first step of the exhaustion process is to file a complaint with DOL containing a summary of the allegations that form the basis of the complaint.   5 U.S.C. § 3330a(a)(2)(B); *Wible v. Department of the Army*, 120 M.S.P.R. 333, ¶ 10 (2013).  After filing that complaint, an appellant may fulfill his exhaustion obligation by one of two means.  The first occurs when DOL's investigation into the complaint does not result in the resolution of the complaint, and DOL notifies the complainant, in writing, of the results of its investigation.   5 U.S.C. § 3330a(c)(2); *Styslinger v. Department of the Army*, 105 M.S.P.R. 223, ¶ 15 (2007).  The second occurs when DOL is unable to resolve a complaint within 60 days after the date on which it was filed.   5 U.S.C. § 3330a(d)(1); *Styslinger*, 105 M.S.P.R. 223, ¶ 15.  After 60 days have passed without a resolution of the complaint, the complainant may elect to appeal the alleged violation to the Board, but he must first notify DOL of his intention to file a Board appeal.   5 U.S.C. § 3330a(d); *Styslinger*, 105 M.S.P.R. 223, ¶¶ 15-19; 5 C.F.R. § 1208.21(a).

---

[3] The administrative judge did not address the remaining elements of the appellant's jurisdictional burden, and we need not do so here.

¶8        Here, the administrative judge found that the appellant failed to satisfy the exhaustion requirement because fewer than 61 days had passed since he filed his complaint, and he provided no evidence that DOL had closed his complaint.  ID at 3.  On petition for review, the appellant argues, through his attorney, that the exhaustion process is now complete and the appeal is ripe for adjudication because DOL has provided him written notice that it was unable to resolve his complaint and has closed its investigation.  PFR File, Tab 2 at 7-10, Tab 5 at 4.

¶9        The Board will adjudicate a VEOA appeal that was not ripe when filed but becomes ripe during the pendency of the appeal.  *See Bent v. Department of State*, 123 M.S.P.R. 304, ¶ 6 (2016); *Wooten v. Department of Veterans Affairs*, 96 M.S.P.R. 671, ¶ 9 (2004).  However, the record in this case still lacks evidence upon which the Board could base a finding that the process before DOL has been exhausted.  The appellant has filed neither a copy of the alleged DOL notification nor a sworn statement that he received such notification.  The statements of a party's representative in a pleading do not constitute evidence.  *Pupis v. U.S. Postal Service*, 105 M.S.P.R. 1, ¶ 5 (2007).

¶10       Acknowledging that the record does not contain a copy of a DOL closeout notification, the appellant argues variously that the Board should take official notice of the notification, the administrative judge should have obtained a copy of the notification from DOL, and the agency should have obtained a copy of the notification from DOL.  PFR File, Tab 2 at 7, 10-11, Tab 5 at 6-7.  Under 5 C.F.R. § 1201.64, the Board may take official notice of matters of common knowledge or matters that can be verified.  However, DOL's investigation of the appellant's complaint is not a matter of common knowledge, and the Board does not have ready access to DOL's investigatory records such that it can verify the disposition of the appellant's complaint.  Furthermore, the burden of proof on jurisdiction belongs to the appellant.  5 C.F.R. § 1201.57(b)-(c).  It is not the responsibility of the administrative judge or the respondent agency to provide evidence of jurisdiction on the appellant's behalf, particularly in cases like this

one in which the appellant is in a better position than the agency to provide the relevant evidence. *Cf. Ellis v. Department of the Navy*, 76 M.S.P.R. 102, 107 (1994) (considering the fact that pertinent evidence regarding the jurisdictional issue was likely to be in possession and control of the agency as favoring a finding of Board jurisdiction). For these reasons, we agree with the administrative judge that the appellant has not submitted any evidence to show that the exhaustion process is complete under the first method described in *Styslinger*, 105 M.S.P.R. 223, ¶ 15.

¶11    Nor has the appellant submitted any evidence to show that he exhausted his administrative remedy with respect to the second method described in *Styslinger*, 105 M.S.P.R. 223, ¶ 15. Although more than 60 days have now passed since the appellant filed his complaint with DOL, he has not provided evidence or even alleged that he notified DOL of his intention to file a Board appeal. *See Becker v. Department of Veterans Affairs*, 114 M.S.P.R. 29, ¶¶ 7-8 (2010).

¶12    The administrative judge further found that, even if the appellant had completed the exhaustion process, he still failed to establish jurisdiction because he submitted no evidence to show that he completed it with respect to the specific nonselections at issue in this appeal. ID at 3. The appellant does not contest this finding on review, and we agree with the administrative judge's assessment. Proof of exhaustion requires, at a minimum, a showing that the DOL complaint concerns the same agency action or decision at issue in the Board appeal. *See White v. U.S. Postal Service*, 114 M.S.P.R. 574, ¶¶ 7-9 (2010).

¶13    The appellant argues for the first time on review that the agency violated his rights under the Fifth Amendment when it applied Indian preference to the position at issue. PFR File, Tab 2 at 6-7. However, an alleged violation of constitutional rights, standing alone, does not confer Board jurisdiction. *Moore v. Department of State*, 15 M.S.P.R. 488, 489-90 (1983), *aff'd*, 765 F.2d 159 (Fed. Cir. 1985) (Table).

¶14    The appellant also argues that the exhaustion requirement of 5 U.S.C. § 3330a(d) is a prudential rule that does not limit the Board's subject matter jurisdiction.  PFR File, Tab 2 at 8-9, Tab 5 at 5.  The Board, however, has already addressed this issue in adopting its current regulations at 5 C.F.R. § 1201.57, and we decline to revisit it in the context of the instant appeal.  *See* Practices & Procedures, 80 Fed. Reg. 4489, 4492 (Jan. 28, 2015) (disagreeing with a commenter's suggestion that the Board treat the exhaustion requirement as nonjurisdictional in VEOA and individual right of action appeals).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. _____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.